GreeN, Judge,
delivered the opinion of the court:
This action is instituted pursuant to the Act of June 21, 1938 (Private Act 646, 75th Congress, 3rd Session), which gives the court jurisdiction “to hear and determine the claim of the A. C. Messier Company, of Providence, Rhode Island, notwithstanding the lapse of time or any statute of limitations, and to award said company compensation for additional material furnished the Government under the contract dated April 17, 1918, for the manufacture and delivery of cartridge clips”.
It appears that the plaintiff on April 17, 1918, trading as A. C. Messier Company, entered into a contract in writing with the United States by the terms of which plaintiff agreed to furnish to the United States 15,000,000 cartridge clips for caliber .30 cartridges in accordance with drawings and specifications, for the consideration of $9.85 per 1,000 clips, or a total of $'147,750, less certain deductions specified on page la of the contract. Page la of the contract provided that the United States would release for the contractor’s use 11.05 pounds of copper and 5.95 pounds of spelter per 1,000 clips manufactured, a total of 17 pounds of materials, the cost of same to be deducted from- the invoice at the rate of $3.30 per 1,000 clips. The weight of the clips, as called for by the specifications, was approximately 18.9 pounds per thousand clips. The material furnished by the Government being insufficient for the manufacture of the clips, plaintiff' found it necessary to buy additional material in the market at a cost of $16,378.68. The contract has been performed by the plaintiff; and he has been paid at the rate of $9.85 per thousand, less $3.30 per thousand for the 17 pounds of material per thousand clips, as provided in the contract. By an amendment to the contract on March 14, 1919, all the resulting scrap from the manufacture was to remain the property of plaintiff and it was accordingly left in plaintiff’s possession. This action is to recover $16,378.68, the cost of the material purchased by plaintiff.
*655 The plaintiff contends that under tbe contract it is entitled to recover the full amount which it paid for additional material necessary to complete the contract, or in any event it is entitled to recover the amount which the cost of this material exceeded what would have been its cost if plaintiff had obtained it at the price which it was obligated to pay for the material furnished by the Government.
The defendant contends first that it was not required by the contract to furnish any of the material without cost to the defendant. Second, that if plaintiff can recover at all, it could only recover therefor at the rate and price fixed in the contract for the material which the Government furnished, upon the amount it purchased less the resulting scrap.
The written contract is so indefinite, confused and, in some respects, inconsistent in its provisions, that we are compelled to consider all of the facts and circumstances surrounding the execution of the contract in order to determine the real intent of the parties with respect to the matters in controversy.
Considering the claim of the plaintiff that it was entitled to recover the full price of the additional material which it purchased, we find that it is based on the following provision which appears on page la of the contract:
The United States agrees to furnish without cost to the Contractor the material or component parts listed below, in quantities determined by the Chief of Ordnance to be requisite, and at such times as will enable the Contractor to deliver the articles in accordance with the schedule of deliveries hereinbefore set forth.
11.05 pounds of copper and 5.95 pounds of spelter will be released for Contractor’s use per one thousand clips manufactured and the cost of same will be deducted from invoice. This amounts to $3.30 per one thousand clips.
Some cancellation marks appear on this provision apparently made by a typewriter or some kind of a stamp but these cancellation marks were so carelessly affixed that it is difficult to determine from the contract itself whether it was intended to strike out the words “without cost to the Contractor” or the words below “determined by the Chief of Ordnance to be requisite” and if there was nothing else to show what was *656 ■intended, it may be that the proof would fail in this respect; but the contract otherwise provides that “Unless it is specifically provided that they shall be furnished without charge, such components shall be accepted by the contractor at the prices set forth in the schedule of components attached hereto.”
Besides this, the circular advertisement and proposal quoted in part by the Commissioner provided:
Proposals may be submitted at the following approximate price for materials:
11.05 pounds of copper and 5.95 pounds of spelter will be released for your use per one thousand clips manufactured and the cost of the same will he deducted from, yowr invoice. This amounts to $3.30 per one thousand clips. (Italics supplied.)
It will be observed that this provision is the same in effect as is set out on page la of the contract if the words “without cost to the contractor” are stricken out.
The provisions of the proposal became a part of the contract and taking it together with the other provisions quoted show definitely that the cost of the material furnished by the Government was to be deducted from the amount to be paid the plaintiff at a specified rate; in other words, that the plaintiff was to pay for the material furnished by the defendant at a definite price.
These provisions apply only to the material furnished by the defendant but it is unreasonable to conclude that the parties intended that plaintiff was to pay for the material furnished by the defendant; but if defendant failed to furnish other material needed, the plaintiff became entitled to receive the entire cost thereof free of charge. Such a construction would make the contract absurdly inconsistent in its provisions, and we therefore hold that under the contract the plaintiff cannot recover the full cost of the material purchased. It does not follow, however, from this conclusion that plaintiff is not entitled to recover anything by reason of it having been compelled to purchase material with which to complete the contract.
*657 We do not understand the defendant to contend that plaintiff is not entitled to recover a part of the price it paid for additional materials. Indeed such a construction would make the provisions of the contract as absurdly inconsistent as it would have been to hold that the plaintiff was entitled to recover the full amount of the purchase price so paid. Moreover, defendant’s proposals permitted the plaintiff to base its bids upon the price fixed in the contract for that part of the material which defendant furnished and it was clearly not intended by the parties that plaintiff should be charged for the material at a higher rate. The price named in the contract was $0.194Per pound. It paid $0,268, making a difference of $0,074 per pound.
The defendant does not seem to seriously contest the rate per pound upon which plaintiff’s recovery should be calculated but insists that this rate should be applied only to 28,500 pounds which was the weight of the finished clips, and says that the 61,068 pounds which plaintiff had to buy to produce the clips was caused by the resultant scrap for which the defendant was not obliged to pay.
This contention is not in accord with the provision in the amendment to the contract that “the resultant scrap shall be and remain the property of the contractor.” Nor is it in accord with the provisions in relation to the material furnished by defendant in the settlement for which the amount of scrap was not considered. If the scrap was to be the property of the contractor on the completion of the contract, obviously the plaintiff’s recovery would not be affected by the fact that it kept it, and the plaintiff is entitled to be allowed the excess price which it paid on the whole 61,068 pounds of material which it was obliged to purchase.
The findings show that 1,323 pounds of material were released to plaintiff in addition to the 17 pounds per thousand clips which amounts to $256.66. For the material so furnished no deduction was made when the defendant made the payment on the contract. Plaintiff objects to any allowance *658 now being made to the defendant on account of this material for the reason that no counterclaim has been filed claiming a right to recover on this item. This was not necessary. The issue in the case is how much is due the plaintiff under the contract and the defendant is entitled to credit for this item.
The plaintiff claims that the Court is directed by the Jurisdictional Act to award the plaintiff full compensation for the material which it purchased. The Act itself is not as clear as it might be but we do not think this was intended. The Court was given jurisdiction to determine the claim of plaintiff and to award compensation for the additional material furnished. There is no dispute over the facts and if plaintiff’s contention is sustained there would be little or nothing for the Court to determine. We think that to “determine the claim” meant to fix the amount to which plaintiff was entitled and then the Court was authorized to “award compensation” for the amount found due “under (the) contract” for material furnished. On the other hand, it is quite plain that Congress did not intend that the Court should be precluded from determining the claim and awarding compensation in accordance therewith by the erroneous decision of the contracting officer (see finding 7) that plaintiff had no claim against the Government.
Our conclusion is that the plaintiff is entitled to be reimbursed on 61,068 pounds of material at the rate of $0,074 per pound or $4,519.08 and that the defendant is entitled to be allowed for the 1,323 pounds of material for which no deduction was made at the rate of $0,194 per pound which amounts to $256.66. Deducting this amount from the amount allowed plaintiff for material furnished, there remains $4,262.37 which the plaintiff is entitled to recover and for which judgment will be rendered in its favor.
Madden, Judge; Jones, Judge; Littleton, Judge; and Whaley, Ghief Justice, concur.